IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARTINO TAYLOR,

    Plaintiff,

v.                       No. 04-2722 B

UNITED PARCEL SERVICE, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER

Before the Court is the motion of the Plaintiff, Martino Taylor, to alter or amend its order affirming the order of the magistrate judge denying Taylor's motion for leave to amend his complaint to request a jury trial. The motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which permits the filing of motions to alter or amend within ten days after entry of judgment.

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). The Plaintiff's motion does not allege any of these circumstances and, therefore, is not, in the Court's view, a proper Rule 59(e) motion. Nonetheless, in this instance the Court will consider the merits of the Plaintiff's request.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-5-05

30

The Plaintiff seeks amendment of the Court's order to allow permission to appeal pursuant to 28 U.S.C. § 1292(b). The statute provides that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b); In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). Unless all the criteria are satisfied, certification should not be permitted. Ahrenholz v. Board of Trustees of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). "Review under § 1292(b) is granted sparingly and only in exceptional cases." City of Memphis, 293 F.3d at 350. The burden of demonstrating that certification is warranted, which has been described as a heavy one, is borne by the party moving therefor. See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

The Plaintiff asks for certification as to two questions: (1) whether the Court abused its discretion in failing to grant him a jury trial even though at the time he was not represented by counsel and (2) whether the Court abused its discretion in affirming "the Magistrate[ Judge's] ruling that Plaintiff's Counsel should have immediately cured any defects in the pleadings soon after filing the notice of appearance instead of waiting until just before the deadline for amending the pleadings as found in the Court's scheduling order." (Mem. in Supp. of Pl.'s Mot. to Alter or Amend Order Affirming Magistrates [sic] Order Denying Pl.'s Mot. for Leave to Am. Compl. to Request Jury Trial to Allow Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) at 4.)

Taylor concedes, therefore, that his request involves a decision in which the Court acted in its discretion. As the Eighth Circuit noted in White, "[a] *legal* question of the type referred to in § 1292(b) contrasts with a matter for the *discretion* of the trial court." White, 43 F.3d at 377 (citation

2

and internal quotation marks omitted) (emphasis supplied). In White, as is the case here, the issue presented was "merely whether the district court abused its discretion" in entering an order. Where the district court's ruling is within its discretion, "an allegation of abuse [of that discretion] does not create a legal issue." Id.; see also City of Memphis, 293 F.3d 351 ("[a] legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court."). Thus, as the Court's order did not involve a controlling legal issue, certification under § 1292(b) is not appropriate.

For the reasons set forth herein, the motion is DENIED.

IT IS SO ORDERED this ___ day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:04-CV-02722 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Brian A. Lapps
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

James E. King
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Martino D. Taylor
4343 Springwind Road
Memphis, TN 38141

Honorable J. Breen
US DISTRICT COURT